**FILED**
11:02 am May 06 2025
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| J.C. DEVAR SANDERS, ) | CASE NO. 5:25 CV 00667 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| WARDEN MISTY MACKEY ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

*Pro se* petitioner J.C. Devar Sanders filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 3, 2025 (ECF Nos. 1, 13). He is currently incarcerated in the Lake Erie Correctional Institution, having been convicted in the Summit County Court of Common Pleas on June 4, 2024 of felonious assault, aggravated menacing, failure to comply with the order of a police officer, having a weapon under disability, a weapon specification, and a repeat violent offender specification. Sanders failed to appear in court on the last day of his trial. He was arrested in New Castle, Pennsylvania on September 8, 2024, and he was extradited back to Ohio as a fugitive in November 2024. He was sentenced on Feb. 7, 2025 to 17 to 21 years incarceration. *See State of Ohio v. Sanders*, No. CR-2022-04-1359 (Summit Cty Ct.

Comm. Pl. June 10, 2025). Sanders filed a direct appeal of his conviction on February 11, 2025. That appeal is still pending. *See State of Ohio v. Sanders*, No. CA-31382 (9th Dist. Ct. App. Feb. 11, 2025).

Promptly after the filing of a petition for a writ of habeas corpus, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A federal district court may entertain a habeas petition filed by a person in state custody only on the ground that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). But before a federal court will review the merits of a petition for a writ of habeas corpus, a person must exhaust his or her state remedies. *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c)); *see also Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)).

Exhaustion is fulfilled once a state supreme court provides a convicted person a full and fair opportunity to review his claims on the merits. *Id.* (citing, among other authorities, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-03, 104 S. Ct. 1805, 80 L. Ed. 2d 311

(1984)). Exhaustion requires "fair presentation" of the federal claim "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734-35 (6th Cir.2011); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To fairly present a federal claim, a petitioner must present the state courts with "both the legal and factual basis" for the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). The petitioner bears the burden of establishing that he has properly and fully exhausted his available state court remedies with respect to his habeas claims for relief. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, Sanders was sentenced on February 7, 2025, and he filed his appeal on February 11, 2025. That appeal is still pending. This petition is therefore premature. Because Sanders has not given the state courts a fair opportunity to consider the merits of the claims he has presented in this petition, he has not properly exhausted his state court remedies. He must complete his appeals process before he files a federal habeas petition. The Court notes that on December 13, 2024, prior to being sentenced in the state court case, Sanders filed a federal habeas petition challenging this same conviction, which the Court also dismissed for failure to exhaust. *See Sanders v. Mahlmeister*, No. 5:24-cv-02169 (N.D. Ohio Dec. 13, 2024).

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF Nos. 1, 13) is DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases. And Petitioner's motions (ECF Nos. 2, 3, 5, 8, 10-12) are denied.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate

of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    **IT IS SO ORDERED**.

                                               /s/ Dan Aaron Polster    5/6/2025
                                               **DAN AARON POLSTER**
                                               **UNITED STATES DISTRICT JUDGE**